UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL RAY SWANSON,

            Plaintiff,

    v.

UNITES STATES OF AMERICA,

            Defendant.

Case No. 3:21-cv-01230-AC

ORDER

HERNÁNDEZ, District Judge:

      Pro se Plaintiff Michael Ray Swanson brings this action against Defendant United States of America. Plaintiff moves to proceed in forma pauperis (ECF No. 2.) On August 30, 2021, U.S. Magistrate Judge John V. Acosta entered an Order granting that motion because Plaintiff has minimal assets and income. (ECF No. 5.) For the reasons explained below, however, the Court dismisses the Complaint (ECF No. 1), with prejudice.

**STANDARDS**

      Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed in forma pauperis at any time if the court determines that the action is: (1) frivolous or malicious; (2) fails

Page 1 – ORDER

to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (providing that sua sponte dismissals under § 1915 "spare prospective defendants the inconvenience and expense of answering such complaints"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (recognizing that § 1915(e)(2) applies to all in forma pauperis complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

*Pro se* pleadings are held to less stringent standards than pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court should construe pleadings by *pro se* plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* plaintiff is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff brings this action pursuant to the Federal Tort Claims Act. (Compl. at 7.) Plaintiff alleges exposure to contaminated water at Camp Lejeune, North Carolina caused his cerebellar ataxia. (Compl. at 5, ECF No. 1.) Plaintiff alleges he was a member of the U.S. Marines stationed at Camp Lejeune in 1986. (*Id.*) In 2013 or 2014, Plaintiff submitted a claim for service-connected compensation and his claim was denied by the Oregon Department of Veterans Affairs in 2014. (Comp. at 17.) Plaintiff contends that he was not treated fairly when the Oregon Department of Veterans Affairs determined that his records did not support a finding

that his cerebellar ataxia resulted from exposure to contaminated drinking water at Camp Lejeune. Plaintiff has filed several similar lawsuits in this court previously, all of which have been dismissed.

As has been exhaustively explained to Plaintiff in the orders dismissing his previous lawsuits, his attempts to relitigate his claims are barred. Judge Mosman twice previously dismissed Plaintiff's claims with prejudice. *See Swanson v. Att'y Gen.*, Case No. 3:17-cv-00216 (Op & Order, ECF No. 13) D. Or. July 13, 2017) (dismissing Plaintiff's claim related to the denial of his veterans benefits with prejudice); *Swanson v. U.S. Att'y Gen.*, Case No. 3:17-cv-01164-MO, Hr'g 6:19-7:6, ECF No. 63 (D. Or. Jan. 24, 2019) (determining Plaintiff's remaining claims were precluded under the *Feres* doctrine and the FTCA's statute of limitations). Judge Russo dismissed Plaintiff's claims based on claim preclusion. *Swanson v. United States*, Case No. 3:18-cv-02148-JR, 2019 WL 7633157, at *1 (D. Or. Nov. 6, 2019), *adopted* 2020 WL 423384 (D. Or. Jan. 24, 2020), *appeal dismissed sub nom.*, 2020 WL 2730805 (9th Cir. Mar. 27, 2020), *aff'd* 2021 WL 168850 (9th Cir. Apr. 29, 2021). The undersigned has dismissed two recent lawsuits filed by Plaintiff, also based on claim preclusion. *See Swanson v. Veterans Affairs/Secretary*, Case No. 3:21-cv-00668-HZ, Op. & Order, ECF No. 5 (D. Or. May 20, 2021) (dismissing complaint *sua sponte* with prejudice on claim preclusion grounds); *Swanson v. Veterans Affairs/Secretary*, Case No. 3:21-cv-00923-HZ, Order, ECF No. 5 (D. Or. Aug. 1, 2021) (same). Finally, Judge You discussed Plaintiff's claims arising out of his exposure to contaminated water at Camp Lejeune he alleged pursuant to 9 C.F.R. § 910.132, 33 U.S.C. § 931(c), and 18 U.S.C. § 47. *Swanson v. United States*, Case No. 3:21-cv-00350-YY, F&R, ECF No. 6 (D. Or. Mar. 15, 2021), *adopted* (Apr. 15, 2021). There, Judge You determined that Plaintiff failed to state claims under any of

these statutes, and dismissed his claims with prejudice because amendment would be futile.  (F&R at 6.)

Plaintiff's claims are barred by the doctrine of claim preclusion.  *See Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009) (providing that claim preclusion bars a party from litigating claims that were raised or could have been raised in a prior action where there is an identity of claims, a final judgment on the merits, and identity or privity between the parties); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (same).  A claim or cause of action is identical when "the suits arise out of the same transactional nucleus of facts."  *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 406 (9th Cir. 1985).  Once again, Plaintiff claims he is entitled to damages because he was exposed to contaminated water while stationed at Camp Lejeune, and that this caused him cerebellar ataxia.  Plaintiff may not bring another lawsuit against the same defendant premised on the same nucleus of facts because Judge Mosman's January 2019 decision precludes him from so doing.  *See also Swanson*, 2019 WL 7633157, at *2 (discussing application of claim preclusion principles to Plaintiff's allegations).

Plaintiff contends here, however, that he has "new evidence."  The "new evidence" he cites is a February 2010 Order denying a motion to dismiss in another jurisdiction involving a different plaintiff.  (*See* Compl. at 8) (identifying *Jones v. United States*, Case No. 7:09-cv-106-BO, filed in U.S. District Court for the Eastern District of North Carolina).  The attached Order does not affect the validity and finality of Judge Mosman's January 2019 decision nor is it binding on this court; therefore, the "new evidence" therefore is irrelevant to the applicability of claim

preclusion to Plaintiff's renewed claims here.  Accordingly, the Court dismisses the Complaint, with prejudice.

## CONCLUSION

Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this \_\_1\_\_ day of September, 2021.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge